RECEIVED
JUL 2 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MABON CLARK | CIVIL ACTION NO. 05-1853 |
| VERSUS | JUDGE DOHERTY |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is a Motion to Dismiss filed on behalf of the defendant, United States of America, asserting that this Court has no jurisdiction to hear the plaintiff's claims because they were not timely filed.[1] The motion is opposed by the plaintiff. Originally, oral argument was scheduled to be heard on this motion; however, upon closer review of the briefs, this court has concluded that further argument is not necessary prior to ruling on the motion. For this reason, oral argument is CANCELLED. For the reasons which follow, the motion to dismiss will be granted.

The facts relating to the defendant's motion are not contested. Mr. Clark was hospitalized at the Veterans Administration Hospital in Alexandria, Louisiana, in September, 2001. While there, he fell and hit his head sufficiently hard that it caused him both physical and mental problems, even after the concussion had healed. He has alleged that his fall occurred because he was over-medicated by employees of the Veterans Administration. He asserted an administrative claim against the Veterans Administration, pursuant to the Federal Tort Claims Act, within the delays allowed by law.

---

[1] While the Government suggests that its motion raises a question of jurisdiction, the Fifth Circuit has declared that the statute of limitations set forth in 28 U.S.C. § 2401 is *not* jurisdictional in nature because equitable tolling is available to delay the running of limitations. *See* Perez v. United States, 167 F.3d 913, 915-16 (5th Cir. 1999); Clymore v. United States, 217 F.3d 370 (5th Cir. 2000).

Final resolution of the administrative claim – in the form of a denial – was issued by the Veterans Administration on February 16, 2005 and, based upon that denial, Mr. Clark was given notice that he had six months, or until August 16, 2005, to file his claim in federal court, should he wish to do so. Notwithstanding this notice, Mr. Clark did not file his federal action until October 25, 2005, more than two months after the deadline for doing so had passed. He claims that the delay was caused by the fact that he was involved in attempting to negotiate settlement with the Veterans Administration and that it was not until the VA refused to engage in further negotiations that he determined the time had come to file his federal action.

The Federal Tort Claims Act establishes a deadline by which tort claims may be filed against the United States of America:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b) (emphasis added). Upon a plain reading of § 2401(b), the facts set forth hereinabove clearly demonstrate that Mr. Clark's claim was filed too late and, for that reason, is "forever barred."

In response to the motion, Mr. Clark urges this Court to apply the doctrine of laches to preclude the defendant from obtaining the dismissal it seeks. Even assuming that the doctrine could be used as a sword in the way Mr. Clark argues is permitted, he has not demonstrated that the doctrine could, or should, be applied to his delay in light of the explicit provisions of the Federal Tort Claims Act and the jurisprudence, issued by both the United States Supreme Court and the Fifth Circuit, interpreting the Act.

While Mr. Clark has not argued it, this Court notes that the applicable jurisprudence clearly does provide for equitable tolling of the applicable limitations period under certain circumstances. Perez v. United States, 167 F.3d 913, 915-16 (5th Cir. 1999). Mr. Clark has demonstrated that, during the six-month period of time between the final denial of his administrative claim and date on which his right to assert a federal claim lapsed, he was engaged in settlement negotiations with the Veterans Administration. He does not allege that the Veterans Administration misled him into believing that the limitations period was tolled while such negotiations were ongoing, nor has he even explained to this Court why he thinks such equitable tolling is supposed to have occurred during those negotiations. While the courts have not definitively ascertained all of the circumstances under which equitable tolling applies generally, the cases this Court has reviewed do not support the suggestion that the doctrine applies to facts such as those described by Mr. Clark.[2]

For the foregoing reasons, regrettably this Court must find that Mr. Clark has not identified any appropriate basis for applying the doctrine of equitable tolling to his claim and, therefore, that

---

[2] The FTCA equitable tolling cases this Court has reviewed involve either (a) an affirmative act by the plaintiff to assert a federal cause of action (which is later determined to be inadequate in some way), or (b) a failure on the part of the United States to comply with its statutory or regulatory obligations. *See, e.g.,* Clymore v. United States, 217 F.3d 370 (5th Cir. 2000); Perez v. United States, 167 F.3d 913, 915-16 (5th Cir. 1999); Flory v. United States, 138 F.3d 157 (5th Cir. 1998). In such circumstances, the Fifth Circuit has unanimously found that the doctrine of equitable tolling applied.

dismiss will be GRANTED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _20_ day of July, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE